■ The People of the State of New York, Respondent, v. Joseph W. Guerin, Appellant.— Appeal by permission from an order of the County Court of Albany County, entered October 1, 1973, which denied, after a hearing, defendant's application, pursuant to CPL 440.10, to vacate a judgment of conviction rendered April 28, 1972. During the course of trial defendant entered a plea of guilty to an indictment charging him with the crime of murder. At that time he was represented by the Public Defender of Albany County. On this appeal, he seeks to vacate his judgment of conviction on the grounds that (1) the prosecution failed to present a material witness within its control at the hearing; (2) the court failed to make sufficient findings to support its decision; (3) the plea of guilty was coerced and induced by fear and misapprehension; (4) he was deprived of effective assistance of counsel; and (5) he should have been given the opportunity to submit polygraph evidence to corroborate his contentions. Defendant's argument that had he known the question of the constitutionality of the death penalty was before the Supreme Court of the United States at the time his plea was entered, his plea bargaining position would have been stronger, is not persuasive. On this record defendant failed to establish that his plea of guilty would not have been entered had he been aware of the existence of a constitutional attack on the death penalty. As to the use of any polygraph test by defendant at the hearing, controlling case law renders such evidence clearly inadmissible (*Pereira* v. *Pereira*, 35 N Y 2d 301; *People* v. *Leone*, 25 N Y 2d 511). Concerning his other arguments, we agree that defendant's rights were duly protected throughout all stages of the proceedings and conclude that the decision of the trial court in denying the motion to vacate his judgment is, in all respects, amply

supported by the record. Order affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.